09-0601-cv
Kolenovic v. ABM Janitorial Services-Northeast, Inc., et al.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of January, two thousand ten.

PRESENT: DENNIS JACOBS,
                        *Chief Judge*,
          ROBERT D. SACK,
          PETER W. HALL,
                        *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - -X

SANELA KOLENOVIC,

          Plaintiff-Appellant,

          -v.-                                  09-0601-cv

ABM INDUSTRIES INCORPORATED and ABM ENGINEERING SERVICES COMPANY,

          Defendants,

ABM JANITORIAL SERVICES-NORTHEAST, INC. and FRANCIS NAGROWSKI,

          Defendants-Appellees.[*]
- - - - - - - - - - - - - - - - - - - -X

---

[*] The Clerk of Court is directed to amend the official caption to conform to the listing of the parties above.

**APPEARING FOR APPELLANT:**    Derek Smith (Ismail S. Sekendiz, on the brief), Akin & Smith, LLC, New York, NY.

**APPEARING FOR APPELLEES:**    Craig R. Benson, Littler Mendelson, P.C., New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Pauley, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED in part, VACATED in part, and REMANDED for further proceedings.**

Plaintiff-appellant Sanela Kolenovic appeals from a judgment of the United States District Court for the Southern District of New York (Pauley, J.), which granted defendants-appellees' motion for summary judgment. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"We review an award of summary judgment de novo, and will uphold the judgment if the evidence, viewed in the light most favorable to the party against whom it is entered, demonstrates that there are no genuine issues of material fact and that the judgment is warranted as a matter of law." Global Network Commc'ns, Inc. v. City of New York, 562 F.3d 145, 150 (2d Cir. 2009); see also Fed. R. Civ. P. 56(c). Following de novo review, we vacate the district court's grant of summary judgment with respect to Kolenovic's hostile work environment claim under the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 et seq., and remand for further proceedings. We affirm the district court's grant of summary judgment with respect to all of Kolenovic's other claims.

The Local Civil Rights Restoration Act of 2005 ("Restoration Act"), N.Y.C. Local Law No. 85 (2005), requires that claims brought under the NYCHRL be evaluated separately from counterpart claims brought under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000 et seq., and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 et seq. See Loeffler v. Staten Island Univ. Hosp., 582 F.3d 268, 278 (2d

Cir. 2009) (explaining that the Restoration Act "abolish[ed] 'parallelism' between the [NYCHRL] and federal and state anti-discrimination law"); Restoration Act § 7 ("The provisions of this [] title shall be construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title[,] have been so construed."); id. § 1 ("Interpretations of New York state or federal statutes with similar wording may be used to aid in interpretation of [the NYCHRL], viewing similarly worded provisions of federal and state civil rights laws as a floor below which the [NYCHRL] cannot fall . . . .").

Prior to the issuance of our decision in Loeffler, the district court evaluated Kolenovic's Title VII, NYSHRL, and NYCHRL hostile work environment claims under the single "severe or pervasive" standard. We affirm the district court's grant of summary judgment with respect to the federal and state law hostile work environment claims, but under the Restoration Act and Loeffler, the NYCHRL claim should have been evaluated separately from its federal and state counterpart claims. Accordingly, we vacate the district court's grant of summary judgment with respect to the NYCHRL hostile work environment claim. We remand to the district court to decide whether to exercise supplemental jurisdiction over this claim. If it decides to do so, "[w]e leave it to the district court to interpret any specific, applicable provisions [of the Restoration Act and the NYCHRL] in the first instance." Loeffler, 582 F.3d at 278-79. On the other hand, the district court may consider that this area of law would benefit from further development in the state courts, and for that reason dismiss the claim without prejudice to refiling in state court.

We affirm the district court's grant of summary judgment with respect to the federal, state, and city law quid pro quo claims. The record does not permit a reasonable jury to find the requisite link between the bachelor party comment and Kolenovic's requested raise. Kolenovic testified at her deposition that she assumed that any "extra money" she received at the bachelor party would be from her supervisor's "friends at the bachelor party." Accordingly, she did not construe the comment to suggest

3

that she would receive a raise if she attended the bachelor party or that she would be denied a raise otherwise. Moreover, Kolenovic acknowledged in her November 3, 2006 email that she dropped her request for a raise when she learned from her supervisor that Valerie Burd, District Manager for ABM Janitorial Services-Northeast, Inc. ("ABM Janitorial"), was not in favor of the raise--a reason entirely independent of the bachelor party comment.

We affirm the district court's grant of summary judgment with respect to the federal, state, and city law retaliation claims. Assuming arguendo that the denial of Kolenovic's transfer request constituted an adverse employment action sufficient to satisfy the third element of her prima facie case, ABM Janitorial presented a legitimate, non-retaliatory reason for the denial and Kolenovic failed to establish pretext. ABM Janitorial proffered that there were no appropriate positions available in which to place Kolenovic at the time of her transfer request. Kolenovic responded only that "[i]n assessing the sheer size of [ABM Janitorial's] operation, [ABM Janitorial's] claim that there were no other available positions to which [Kolenovic] could be transferred could clearly be found to be pretextual by a reasonable fact finder, and needs to be definitively determined by a jury." Appellant's Br. 37. Such conjecture cannot establish pretext. See Cifarelli v. Village of Babylon, 93 F.3d 47, 51 (2d Cir. 1996) ("[M]ere conclusory allegations, speculation or conjecture will not avail a party resisting summary judgment.").

There is no merit in Kolenovic's remaining arguments. Accordingly, the judgment of the district court is hereby **AFFIRMED** in part, **VACATED** in part, and **REMANDED** for further proceedings consistent with this order. Any subsequent appeal should be returned to this panel for further review.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4