09-2238-cv
*Abraham v. New York City Department of Education*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of September, two thousand and ten.

PRESENT: ROSEMARY S. POOLER,
          RICHARD C. WESLEY,
          GERARD E. LYNCH,
             *Circuit Judges.*

---

GEORGE T. ABRAHAM,

          *Plaintiff-Appellant,*

    -v.-                           09-2238-cv

NEW YORK CITY DEPT. OF EDUCATION,

          *Defendant-Appellee.*

---

FOR APPELLANT:        STEVEN SLEDZIK, Jones Garneau, LLP, Scarsdale, NY.

FOR APPELLEE:         TAHIRIH SADRIEH, (Francis F. Caputo and Mordecai Newman, *on the brief*), New York City Law Department, New York City, NY

Appeal from the United States District Court for the Eastern District of New York (Matsumoto, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED in part and VACATED and REMANDED in part.**

George T. Abraham appeals from a judgment of the United States District Court for the Eastern District of New York (Matsumoto, *J.*), granting summary judgment to his employer, New York City Department of Education.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"We review an award of summary judgment *de novo*, and will uphold the judgment if the evidence, viewed in the light most favorable to the party against whom it is entered, demonstrates that there are no genuine issues of material fact and that the judgment is warranted as a matter of law." *Global Network Commc'ns, Inc. v. City of N.Y.*, 562 F.3d 145, 150 (2d Cir. 2009)*; see also* Fed. R. Civ. P. 56(c)(2). Following de novo review in this case, we affirm

2

the district court's grant of summary judgment on Abraham's claims brought under 42 U.S.C. § 2000e *et seq.* ("Title VII") and New York state law and reverse the district court's grant of summary judgment on Abraham's claim brought under the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.*

For substantially the reasons stated by the district court, we affirm the grant of summary judgment regarding Abraham's discrimination claims brought under Title VII and New York state law. Assuming Abraham established a *prima facie* case of discrimination, Appellee proffered legitimate, non-discriminatory reasons for declining to promote Abraham. Abraham then failed to present a genuine issue of material fact concerning whether Appellee's explanation is merely pretext for discrimination.

Abraham's assertion that pretext exists because he was eminently more qualified than the selected candidates is unpersuasive. To survive summary judgment on the strength of his credentials, Abraham must show that his credentials are "so superior to the credentials of the person selected for the job that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected

3

over the [Appellant] for the job in question." *Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 103 (2d Cir. 2001) (quotation marks and citation omitted). Although Abraham has an engineering degree and extensive experience working for Appellee, neither an engineering background nor seniority were among the mandatory or preferred qualifications for the Regional Contract Manager position. Appellant's belief that the Regional Contract Manager position required an advanced engineering degree is irrelevant; employers, not the court, determine what qualifications are necessary. *Id.*; *see also Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1330 (10th Cir. 1999) ("Our role is to prevent unlawful hiring practices, not to act as a 'super personnel department' that second guesses employers' business judgments."). Likewise, Abraham's complaints about the interview process itself do not raise a genuine issue of material fact concerning pretext.

As for Abraham's NYCHRL claim, the district court erred in analyzing that claim using the Title VII framework. New York City Administrative Code § 8-130 provides that the provisions of NYCHRL "shall be construed liberally for the

4

accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed." N.Y.C. Admin Code § 8-130. Given this "one-way ratchet" requiring "an independent liberal construction," NYCHRL claims should be evaluated separately from their federal and state law counterparts. *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 278 (2d Cir. 2009) (quotation marks and citation omitted).

We cannot determine whether any genuine issues of material fact remain on Abraham's NYCHRL claim without applying the proper legal standard. Remand is appropriate so that the district court can determine, in light of the need for separate analysis, whether to retain supplemental jurisdiction over the NYCHRL claim. If the district court retains jurisdiction, it should interpret and apply the provisions of that law in the first instance.

We have considered Abraham's remaining contentions on appeal and find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED in part and VACATED AND REMANDED in**

**part.** We remand to the district court to consider Abraham's NYCHRL claims in a matter consistent with *Loeffler*.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk