11-1290-cv
Benn v. City of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of May, two thousand twelve.

PRESENT:   ROBERT D. SACK,
           REENA RAGGI,
                     *Circuit Judges*,
           JOHN G. KOELTL,
                     *District Judge*.[*]

-----------------------------------------------------------------------

DALTON BENN,

                     *Plaintiff-Appellant*,

           v.                                          No. 11-1290-cv

CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF EDUCATION, STEPHEN
RUSZCZYK, DOES 1 THROUGH 10.
                     *Defendants-Appellees*.

-----------------------------------------------------------------------

FOR APPELLANT:        Nkereuwem Umoh, Esq., Brooklyn, New York.

FOR APPELLEES:        Francis F. Caputo, Karen M. Griffin, *for* Michael A. Cardozo,
                      Corporation Counsel of the City of New York, New York, New
                      York.

_____

[*] Judge John G. Koeltl of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Nicholas G. Garaufis, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 9, 2011, is AFFIRMED.

Dalton Benn appeals from an award of summary judgment in favor of defendants on Benn's claims of race, nationality, and age discrimination in employment and retaliation in violation of Title VII of the Civil Rights Act of 1964, see 42 U.S.C. §§ 2000e-2(a), 2000e-3(a); 42 U.S.C. § 1981; the New York State Human Rights Law, see N.Y. Exec. Law § 296; and the New York City Human Rights Law, see N.Y.C. Admin. Code § 8-107. We review an award of summary judgment de novo, resolving all ambiguities and drawing all inferences in favor of the non-movant, and we will affirm only if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. See Nagle v. Marron, 663 F.3d 100, 104–05 (2d Cir. 2011). We assume the parties' familiarity with the underlying facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Federal Claims

On appeal, Benn challenges only the award of summary judgment on his retaliation claims and, thus, has waived all of his discrimination claims, both insofar as they relate to particular treatment and a hostile work environment. See Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir. 1998). Benn argues that the district court failed to address his retaliation claims, which are supported by record evidence that defendants responded to his protected

2

activity by terminating him from the Teaching Fellows program, deeming his conduct unprofessional, and marking his file with a "red flag." Appellant Br. at 12. We understand the district court to have awarded summary judgment on the retaliation claims for the reasons it provided regarding the discrimination claims. In any event, we may affirm the judgment below on any basis apparent from the record, see Carpenter v. Republic of Chile, 610 F.3d 776, 781 n.6 (2d Cir. 2010), and we conclude that the record supports the challenged judgment.

Benn's retaliation claims under both Title VII and § 1981 are evaluated under a three-step burden-shifting analysis: (1) Benn must establish a prima facie case of retaliation; (2) defendants must then articulate a non-retaliatory reason for the adverse action; and (3) Benn must show that retaliation was a "substantial reason" for the complained-of action. Fincher v. Depository Trust & Clearing Corp., 604 F.3d 712, 720 (2d Cir. 2010).

To establish a prima facie case, Benn must adduce evidence that the adverse actions were in response to "protected activity," which here refers to "action taken to protest or oppose statutorily prohibited discrimination." Cruz v. Coach Stores, Inc., 202 F.3d 560, 566 (2d Cir. 2000). Benn must further offer evidence of defendants' awareness of the protected activity. See id. Benn does not point to any evidence from which a jury could reasonably infer that he engaged in protected activity. Rather, his complaints to his supervisors concerned disputes about the teaching curriculum and his responsibilities, the condescending manner in which one supervisor spoke to him, and a late-night phone call from a supervisor that disturbed his sleep. Such complaints could not reasonably have been understood to

3

protest statutorily prohibited discrimination and, thus, do not qualify as protected activity that may give rise to a claim of retaliation.

Moreover, as the district court thoroughly explained, the evidence demonstrated ample basis for the adverse actions, including Benn's failure to take a test required for his participation in the Teaching Fellows program, his signing in late to work several times, and his repeated receipt of negative performance reviews. Thus, even assuming Benn could establish a prima facie case, he failed to adduce evidence sufficient to permit a jury to find that retaliation was a substantial reason for the adverse actions.

2.    State Claims

Benn's state and municipal claims "form part of the same case or controversy" with his federal claims. 28 U.S.C. § 1367. In such circumstances, the district court did not abuse its discretion in exercising supplemental jurisdiction to grant summary judgment on the state and municipal law claims. See Valencia ex rel. Franco v. Lee, 316 F.3d 299, 305 (2d Cir. 2003). Benn's state law claims are analytically identical to his federal claims. See Petrosino v. Bell Atl., 385 F.3d 210, 220 n.11 (2d Cir. 2004); Torres v. Pisano, 116 F.3d 625, 629 n.1 (2d Cir. 1997). While "City HRL claims have typically been treated as coextensive with state and federal counterparts . . . the New York City Council has rejected such equivalence." Loeffler v. Staten Island University Hospital, 582 F.3d 268, 278 (2d Cir. 2009). We have remanded cases to the district court where the district court failed to evaluate the NYCHRL claims separately. See Abraham v. New York City Dept of Educ., 498 F. App'x 633, 635 (2d Cir. 2010) (summary order); Kolenovic v. ABM Indus. Inc., 361 F. App'x 246, 248 (2d

4

Cir. 2010) (summary order). However, Benn did not argue on this appeal that summary judgment should have been denied because the defendants failed to show that they were entitled to summary judgment using a standard different from that applicable to his federal law claims.[1] "Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal." Norton v. Sam's Club, 145 F.3d at 117.

3.    Conclusion

We have considered Benn's remaining arguments and conclude that they are without merit. The judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[1] Benn contends that the New York City Human Rights Law provides a more liberal standard for what constitutes an adverse action for a retaliation claim. Because Benn's retaliation claims fail even assuming defendants took adverse actions against him, the distinction is immaterial.