09-3743-cv
Carpenter v. Republic of Chile

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term 2009

(Submitted: June 21, 2010                          Decided: June 28, 2010 )

Docket No. 09-3743-cv

ROBERT CARPENTER,

     *Plaintiff-Appellant,*

     v.

REPUBLIC OF CHILE, MINISTER OF JUSTICE, JUDGE BLANCA DEL CARMEN ROJAS ARANCIBIA (CRIMINAL COURT NO. 32, SANTIAGO, CHILE), COURT CLERK CARLOS BUSTOS VASQUEZ, MINISTERIO VISTADOR SR. LUIS BATES, MINISTERIO VISITADOR SR. ALFREDO PFEIFFER, BRITISH AIRWAYS PLC,

     *Defendants-Appellees.*

Before: WINTER, CABRANES, and WESLEY, *Circuit Judges.*

————————

Plaintiff appeals from a judgment of the United States District Court for the Eastern District of New York (Joanna Seybert, *Judge*) dismissing plaintiff's claims against the Republic of Chile, various government officials of Chile, and British Airways.  Because the Supreme Court's recent opinion in *Samantar v. Yousuf,* --- S. Ct. ---, No. 08-1555, 2010 WL 2160785 (S. Ct. June 1, 2010) abrogated our prior holding that the Foreign Sovereign Immunities Act extends to officials of a foreign government acting in their official capacities, we vacate the judgment of the District Court insofar as it dismissed plaintiff's claims against the government officials of Chile.

Affirmed in part, vacated in part, and remanded.

            Robert Carpenter, *pro se*, Southampton, NY,
                  *for Plaintiff-Appellant.*

1

Paul S. Reichler (Clara E. Brillembourg, *on the brief*) Foley Hoag LLP, Washington, DC,
*for Defendants-Appellees Republic of Chile and Chilean Government Entities and Officials.*

Anthony U. Battista (Kevin J. Bishop and Justin M. Schmidt, *on the brief*) Condon & Forsyth LLP, New York, NY,
*for Defendant-Appellee British Airways PLC.*

PER CURIAM:

Plaintiff Robert Carpenter appeals from an August 4, 2009 judgment of the United States District Court for the Eastern District of New York (Joanna Seybert, *Judge*) granting the motions to dismiss of defendants Republic of Chile; Minister of Justice; Judge Blanca del Carmen Rojas Arancibia; Court Clerk Carlos Bustos Vasquez; Ministerio Visitador Sr. Luis Bates; and Ministerio Visitador Sr. Alfredo Pfeiffer (jointly, "government officials of Chile"), and British Airways PLC ("British Airways").

In his complaint, Carpenter alleges that he was subject to abuse by the courts of Chile in a criminal case that was initiated in Santiago, Chile over ten years ago. He was prosecuted for fraud, but declared not guilty by the Chilean courts. He sued the Republic of Chile, various government officials of Chile, and British Airways in the Eastern District of New York to remedy these alleged wrongs. The District Court dismissed Carpenter's complaint against the Republic of Chile and the government officials of Chile because it concluded that the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602 *et seq.*, barred the District Court from exercising jurisdiction over those defendants. The District Court also dismissed Carpenter's claims on behalf of, and against, British Airways for lack of standing and lack of jurisdiction. Carpenter now appeals.

## A.

We first consider whether the District Court erred in dismissing Carpenter's complaint against the Republic of Chile for want of subject matter jurisdiction. We review the District Court's legal conclusions under FSIA *de novo*. *See Robinson v. Gov't of Malaysia*, 269 F.3d 133, 138 (2d Cir. 2001). Carpenter makes five arguments as to why the District Court erred.

First, he argues that the Torture Victim Protection Act ("TVPA"), 28 U.S.C. § 1350 note (a)(1),[1] effectively overrides the jurisdictional bar set forth in FSIA. We disagree. *See Matar v. Dichter*, 563 F.3d 9, 15 (2d Cir. 2009) (holding that claims under the TVPA are still subject to the FSIA).

Second, Carpenter argues that the Republic of Chile lost its sovereign immunity under FSIA's exception for state-sponsored terrorist acts set forth in 28 U.S.C. § 1605A.[2] We have

---

[1] This statute states, in relevant part, as follows:

> An individual who, under actual or apparent authority, or color of law, of any foreign nation . . . (1) subjects an individual to torture shall, in a civil action, be liable for damages to that individual . . . .

28 U.S.C. § 1350 note (a)(1).

[2] This statute states, in relevant part, as follows:

> A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case not otherwise covered by this chapter in which money damages are sought against a foreign state for personal injury or death that was caused by an act of torture, extrajudicial killing, aircraft sabotage, hostage taking, or the provision of material support or resources for such an act if such act or provision of material support or resources is engaged in by an official, employee, or agent of such foreign state while acting within the scope of his or her office, employment, or agency.

> . . . The court shall hear a claim under this section if . . . the foreign state was designated as a state sponsor of terrorism at the time the act . . . occurred . . . .

concluded, however, that a state must be designated a state sponsor of terrorism by the United States to fall under this particular exception. *See In re Terrorist Attacks on Sept. 11, 2001*, 538 F.3d 71, 89 (2d Cir. 2008), *abrogated on other grounds by Samantar v. Yousuf*, --- S. Ct. ---, No. 08-1555, 2010 WL 2160785 (S. Ct. June 1, 2010). The Republic of Chile has not been designated a state sponsor of terrorism, so this exception does not apply.

Third, Carpenter argues that the Republic of Chile waived its sovereign immunity by joining various treaties. Any such waiver, however, must be clear and unambiguous, *see Capital Ventures Int'l v. Republic of Arg.*, 552 F.3d 289, 293 (2d Cir. 2009), and Carpenter has not shown a clear and unambiguous waiver of immunity by Chile.

Fourth, Carpenter argues that his claim falls under the commercial activity exception to FSIA set forth in 28 U.S.C. § 1605(a)(2).[3] The only commercial activity in which he alleges the Republic of Chile engaged was that of requiring a five-dollar fee to enter the consulate of the Republic of Chile in New York; we conclude that this argument is frivolous.

Fifth and finally, Carpenter argues that the international law doctrine of *jus cogens* provides a further exception to FSIA. We have held that "there is no general *jus cogens* exception to FSIA

---

28 U.S.C. § 1605A(a)(1)-(2).

[3] This statute provides, in relevant part, as follows:

> A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case . . . in which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States.

28 U.S.C. § 1605(a)(2).

4

immunity." *Matar*, 563 F.3d at 14.[4]  Accordingly, we conclude that the District Court did not err in dismissing Carpenter's claims against the Republic of Chile.

B.

Next, we consider whether the District Court erred in dismissing Carpenter's claims against the government officials of Chile.  Relying on our 2008 decision in *In re Terrorist Attacks of September 11, 2001*, the District Court concluded that FSIA extended to individual officials of foreign governments acting in their official capacities.  It therefore dismissed plaintiff's claims against the government officials of Chile.  *See Carpenter v. Republic of Chile*, No. 07-cv-5290, 2009 U.S. Dist. LEXIS 123643, at *9-*10 (E.D.N.Y. July 29, 2009).  The Supreme Court's recent decision in *Samantar v. Yousuf*, however, abrogated *In re Terrorist Attacks of September 11, 2001* insofar as it held that FSIA applied to individual officials.  No. 08-1555, 2010 WL 2160785 (S. Ct. June 1, 2010).  Although FSIA no longer protects government officials, the Supreme Court expressly noted in *Samantar* that "[e]ven if a suit is not governed by [FSIA], it may still be barred by foreign sovereign immunity under the common law." *Id.* at *9.  Accordingly, we vacate the judgment of the District Court insofar as it dismissed Carpenter's complaint against the government officials of Chile on the grounds that FSIA provided immunity.  We leave to the District Court to determine, in the first instance, whether Carpenter's claims against the government officials of Chile are barred by foreign sovereign immunity under the common law.

---

[4] A *jus cogens* norm, also known as a "peremptory norm" of international law,  "is a norm accepted and recognized by the international community of states as a whole as a norm from which no derogation is permitted and which can be modified only by a subsequent norm of general international law having the same character." *Siderman de Blake v. Republic of Arg.*, 965 F.2d 699, 714 (9th Cir. 1992) (quoting Vienna Convention of the Law of Treaties, art. 53, May 23, 1969, 1155 U.N.T.S. 332); *see also Belhas v. Ya'Alon*, 515 F.3d 1279, 1286 (D.C. Cir. 2008) (quoting *Siderman de Blake*, 965 F.2d at 699); 1 *Oppenheim's International Law* § 2, at 7-8 (Sir Robert Jennings & Sir Arthur Watts eds., 9th ed. 1996).

## C.

We also consider whether the District Court erred in denying various motions filed by plaintiff. Carpenter argues that the District Court erred in denying his motion for jurisdictional discovery. We review a district court's denial of jurisdictional discovery for abuse of discretion, *see Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 255 (2d Cir. 2007), and we conclude that the District Court did not err in denying Carpenter's motion here.[5]

Carpenter also argues that the District Court erred in denying his motion for the appointment of counsel, which we also review for abuse of discretion, mindful that "counsel is often unwarranted where the indigent's chances of success are extremely slim." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986) (internal quotation marks omitted). We conclude here that Carpenter has little chance of success on the merits, and therefore the District Court did not abuse its discretion in denying his motion for the appointment of counsel.

Next, Carpenter argues that the District Court erred by failing to appoint a document translator, but he cites no support for that contention, so we do not consider it. *See Coalition on W. Valley Nuclear Wastes v. Chu*, 592 F.3d 306, 314 (2d Cir.2009) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (internal quotation marks omitted)).

Finally, Carpenter argues that the District Court erred by not allowing him to amend his complaint. The District Court, however, did construe as part of the original complaint the proposed additional claims contained in his papers in opposition to the motion to dismiss. Based on that

---

[5] We intimate no view on whether jurisdictional discovery might be warranted on remand in connection with determining whether the government officials of Chile are immune from suit under the common law of foreign sovereign immunity.

analysis we are satisfied that the proposed amendments are futile, and accordingly, leave to amend was properly denied.

**D.**

We turn finally to consider the District Court's dismissal of Carpenter's claims relating to British Airways. First, Carpenter asserts a claim on behalf of British Airways against a third party. We agree with the District Court that he lacks standing to bring a such a claim. *See generally Hein v. Freedom from Religion Found., Inc.*, 551 U.S. 587, 597-98 (2007). Second, Carpenter's claims against British Airways arise from a dispute over containers of fruit allegedly damaged while being transported internationally by British Airways in 1998. *See* Compl., *Carpenter v. Republic of Chile*, No. 07-cv-05290, (E.D.N.Y. Dec. 12, 2007). Claims involving the "international transportation of persons, luggage, or goods performed by aircraft for hire," such as those of Carpenter here, may only be brought under the Warsaw Convention. *See* Convention for the Unification of Certain Rules Relating to International Transportation by Air, art. 1, Oct. 12, 1929, 49 Stat. 3000, T.S. No. 876 (entered into force in the United States in 1934), *reprinted in* note following 49 U.S.C. § 40105; *see also El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng*, 525 U.S. 155, 161-62 (1999). Article 29 of the Warsaw Convention bars any action under the Convention not brought within two years. *See* Warsaw Convention art. 29; *see also Fishman v. Delta Air Lines, Inc.*, 132 F.3d 138, 143 (2d Cir. 1998). Because Carpenter did not bring his claims against British Airways until 2007 and the shipment of fruit at issue here occurred in 1998, his claims are barred under the Warsaw Convention. It was therefore not error for the District Court to dismiss Carpenter's claims against British Airways.[6]

---

[6] Although the District Court did not dismiss Carpenter's claim against British Airways on this ground, it is long-settled law that we may affirm the judgment of the District Court on any ground that the record supports. *See, e.g., Beal v. Stern*, 184 F.3d 117, 122 (2d Cir. 1999).

## CONCLUSION

For the reasons stated above, we **AFFIRM** the judgment of the District Court insofar as it dismissed Carpenter's claims against the Republic of Chile and British Airways.  Because the Supreme Court's recent decision in *Samantar v. Yousuf*, --- S. Ct. ---, No. 08-1555, 2010 WL 2160785 (S. Ct. June 1, 2010), abrogated our prior holding in *In re Terrorist Attacks of September 11, 2001*, 538 F.3d 71(2d Cir. 2008), that FSIA extends to officials of a foreign government acting in their official capacities, we **VACATE** the judgment of the District Court insofar as it dismissed Carpenter's claims against the government officials of Chile and **REMAND** the cause to the District Court to reconsider the question of the immunity of the government officials of Chile by, *inter alia*, consulting any other applicable law, including the common law, and for such further proceedings consistent with the Supreme Court's opinion in *Samantar* and this opinion as may be appropriate.