09-4395-cv
Platt v. The Inc. Vill. of Southampton, et. al.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the thirtieth day of August, two thousand and ten.

PRESENT:

    RALPH K. WINTER,
    JOSÉ A. CABRANES,
    CHESTER J. STRAUB,
            *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

BRIAN PLATT,

    *Plaintiff-Appellant,*

    -v.-                                No. 09-4395-cv

THE INCORPORATED VILLAGE OF SOUTHAMPTON, THE BOARD OF TRUSTEES OF THE INCORPORATED VILLAGE OF SOUTHAMPTON, ROBERT MARK EPLEY, Individually and as Mayor of the Incorporated Village of Southampton, BONNIE M. CANNON, Individually and as Trustee of the Incorporated Village of Southampton, NANCY MCGANN, Individually and as Trustee of the Incorporated Village of Southampton, PAUL L. ROBINSON, Individually and as Trustee of the Incorporated Village of Southampton, WILLIAM F. BATES, Individually and as Trustee of the Incorporated Village of Southampton, WILLIAM WILSON, JR., Individually and as Chief of Police of the Incorporated Village of Southampton,

    *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR DEFENDANTS-APPELLEES:**    STEVEN C. STERN, Sokoloff Stern LLP, Westbury, NY.

**FOR PLAINTIFF-APPELLANT:**    STEVEN A. MORELLI, Garden City, NY.

Appeal from a September 25, 2009 judgment of the United States District Court for the Eastern District of New York (Joanna Seybert, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED.**

Plaintiff Brian Platt brought this action against the Incorporated Village of Southampton and several of its officials (jointly, "defendants") alleging, among other things, discrimination and retaliation in violation of (1) his rights to free speech, equal protection of the laws and due process of law under the United States Constitution pursuant to 42 U.S.C. § 1983; the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112(b) and 12203(a); and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e). The District Court granted defendants's motion to dismiss the complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Platt filed a timely appeal of that order. We assume the parties' familiarity with the facts, procedural history and issues raised on appeal.

We review *de novo* a District Court's dismissal for failure to state a claim, *see* Fed. R. Civ. P. 12(b)(6), assuming all well-pleaded, nonconclusory factual allegations in the complaint to be true, *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009).

**A. Platt's First Amendment Claim**

Platt claims that defendants' conduct, in response to his decision to report an allegedly improper relationship between then-Police Lt. William Wilson, Jr. and Seasonal Police Officer Kim McMahon, constituted retaliation in violation of his right to free speech under the First Amendment. The District Court concluded that because Platt discussed his concerns with Village Trustee Harald Steudte pursuant to his "official duties" as a police officer—and not in his private capacity as a citizen—his communication did not amount to protected speech under the First Amendment. We agree.

"[T]he First Amendment protects a public employee's right, in certain circumstances, to speak as a citizen addressing matters of public concern." *Garcetti v. Ceballos*, 547 U.S. 410, 417 (2006). It is well established, however, that "a public employee speaking in his official capacity is not speaking as a citizen for First Amendment purposes," *Ruotolo v. City of New York*, 514 F.3d 184, 189 (2d Cir. 2008) (citing *Garcetti*, 547 U.S. at 421-22). Indeed, "speech can be 'pursuant to' a public employee's official job duties even though it is not required by, or included in, the employee's job description, or in response to a request by the employer." *Weintraub v. Bd. of Educ.*, 593 F.3d 196, 203 (2d Cir. 2010).

In this case, even read in the light most favorable to Platt, the record makes clear that, to the extent Platt's conversation with Steudte raised issues of public concern, those issues related solely to

2

his work as a police officer and the adverse impact of Lt. Wilson's relationship with Officer McMahon on public safety concerns in Southampton. We cannot say that a police officer speaking to a public official about his concerns over public safety issues is speaking in his capacity as a citizen, as opposed to his capacity as a police officer.

## B. Platt's ADA and Title VII Claims

Platt argues the imposition of General Order 83 ("GO83") constitutes retaliation and discrimination in violation of the ADA and Title VII. The District Court concluded that because GO83 did not constitute a "materially adverse action," Platt's claim falls short of establishing a *prima facie* case of retaliation or discrimination under the ADA, 42 U.S.C. §§ 12112(b) and 12203(a), or Title VII, 42 U.S.C. § 2000(e).[1] Here, again, we agree.

"Actions are materially adverse if they are harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination [or retaliation]." *Hicks v. Baines*, 593 F.3d 159, 165 (2d Cir. 2010) (internal quotation marks omitted). The mere fact that Platt brought the instant claim in spite of GO83 does not, of course, suggest that the order could not have dissuaded a reasonable employee from bringing a claim under the ADA or Title VII. In this case, however, GO83 was issued long after Platt went on medical leave and applied equally to *all* officers on leave of duty. We are unprepared to say that no generally applicable order could constitute "materially adverse action" against an employee. However, the requirement that all officers on leave regularly report to their supervisors and be available throughout the course of the day, while certainly an added inconvenience, does not constitute a materially adverse employment action against Platt.

## C. Platt's Fourteenth Amendment Claims

Platt also claims that GO83 deprived him of his right to substantive due process and equal protection of the laws under the Fourteenth Amendment. These arguments are without merit. Platt has failed to allege a single instance in which GO83 actually infringed his liberty interests. He asserts only that GO83 assumes the power to do so. He cannot predicate a substantive due process claim on such speculation.

Even if Platt could allege a specific instance of personal hardship arising from the enforcement of GO83, it is unlikely that it would rise to the sort of cognizable constitutional deprivation on which his claim must rest. We intimate no view as to whether GO83 represents a sound policy judgment by the Southampton Police Department. We hold only that there is no question that "nothing in [GO83] 'shocks the conscience' or suggests a 'gross abuse of governmental authority.'" *Kuck v. Danaher*, 600 F.3d 159, 167 (2d Cir. 2010) (quoting *Rochin v. California*, 342 U.S.

---

[1] We analyze retaliation and discrimination claims under the ADA and Title VII under the same burden-shifting framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 801-03 (1973). *See Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 223 (2d Cir. 2001).

165, 172 (1952) (forcing an emetic solution through a tube into a defendant's stomach against his will in order to induce vomiting violated his right to substantive due process under the 14th Amendment), *overruled on other grounds by Mapp v. Ohio*, 367 U.S. 643 (1961); *Natale v. Town of Ridgefield*, 170 F.3d 258, 263 (2d Cir. 1999)).

Platt's equal protection claim is similarly baseless. GO83 applied to all officers on leave. As a result, Platt has not, and cannot, allege that he was "treated differently than others similarly situated," *Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 58 (2010), as a result of GO83. We conclude, therefore, substantially for the reasons stated by the District Court, *see Platt v. Inc. Vill. of Southampton*, No. 08-CV-2953 at 13-15 (E.D.N.Y. Sept. 25, 2009), that Order 83 did not constitute a violation of Platt's Fourteenth Amendment right to equal protection of the laws.

### D. Platt's Section 1983 Claims

Platt claims that certain of the defendants are liable in their individual capacities under 42 U.S.C. § 1983 for failing to respond to a grievance letter he sent regarding GO83 the day after GO83 was amended. This argument is without merit.

Under Section 1983, liability can only be imposed against defendants in their individual capacities for "personal involvement . . . in alleged constitutional deprivations." *Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 122 (2d Cir. 2004) (internal quotation marks omitted). "[D]irect participation is not always necessary" to establish liability. *Al-Jundi v. Estate of Rockefeller*, 885 F.2d 1060, 1066 (2d Cir. 1989). "[A] supervisory official may be personally liable if he or she has actual or constructive notice of unconstitutional practices and demonstrates gross negligence or deliberate indifference by failing to act." *Id.* (internal quotation marks omitted); *see also Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("[S]upervisory liability may be imposed where an official demonstrates gross negligence or deliberate indifference to . . . constitutional rights . . . by failing to act on information indicating that unconstitutional practices *are taking place*." (internal quotation marks omitted) (emphasis added)). We cannot say, however, that an allegation that a supervisory official ignored a letter protesting past unconstitutional conduct is, without more, sufficient to state a claim that the official was "personally involved" in the unconstitutional conduct.

### E. Platt's Claim for Injunctive Relief

Platt demands that we enjoin defendants from enforcing GO83, arguing that, despite the fact that he has retired from the Southampton police force and is therefore no longer subject to GO83, this claim "is not moot because [defendants'] unlawful activity is capable of repetition, yet evades review." This claim is clearly baseless. It is well-settled that "[a] plaintiff seeking injunctive or declaratory relief cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he or she will be injured in the future." *Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 344 (2d Cir. 1998). Having retired, there is no chance that Platt will ever again be required to abide by departmental orders regarding leave policy, including GO83. Accordingly, his claim for injunctive relief was properly denied.

**F. Leave to Amend**

Finally, Platt claims the District Court erred in denying his cross-motion to amend his complaint. Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, "[a] court should freely give leave [to amend] when justice so requires." We review a District Court's denial of leave to amend for abuse of discretion. *See, e.g.*, *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200-01(2d Cir. 2007); *cf. Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) ("A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." (internal citations, alterations, and quotation marks omitted)). "Generally, a district court has discretion to deny leave [to amend] for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009) (internal quotation marks and alterations omitted). Where, as here, the proposed amended complaint fails to cure the original complaint's deficiencies, leave to amend was properly denied. *Carpenter v. Republic of Chile*, 610 F.3d 776, 781 (2d Cir. 2010).

<u>**CONCLUSION**</u>

We have considered each of Platt's arguments on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

5