12-544-cv
St. Jean v. United Parcel Serv. Gen. Serv. Co.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand thirteen.

Present:      ROSEMARY S. POOLER,
              PETER W. HALL,
              DENNY CHIN,
                      *Circuit Judges.*

_____

EMMANUEL ST. JEAN,

                 *Plaintiff-Appellant*,

          -v-                                             12-544-cv

UNITED PARCEL SERVICE GENERAL SERVICE CO.,
UNITED PARCEL SERVICE, INC.,

                 *Defendants-Appellees*.

_____

Appearing for Appellant:      Sandra D. Parker, Law Office of Sandra D. Parker, New York, N.Y.

Appearing for Appellees:      Daniel L. Schwartz, Day Pitney LLP, Stamford, C.T.

Appeal from the United States District Court for the Eastern District of New York (Irizarry, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said district court be and it hereby is **AFFIRMED**.

Plaintiff-appellant Emmanuel St. Jean appeals from a judgment entered on January 11, 2012, granting summary judgment and dismissing the complaint in its entirety. By order issued on January 10, 2012, the district court granted summary judgment for defendants-appellees United Parcel Service General Service Co., and United Parcel Service Inc. (collectively "UPS"), dismissing plaintiff's claims of employment discrimination under Title VII, Section 1981, state law, and the New York City Human Rights Law ("City HRL"), N.Y.C. Admin. Code §§ 8-107 & 8-130. The district court analyzed the City HRL claims under the same standards applicable to Title VII claims. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

St. Jean is correct that the district court erred to the extent it found that federal standards for recovery are applied in determining employment discrimination claims under the City HRL, and in failing to conduct an independent analysis under that law. "[I]t is beyond dispute that the City HRL now explicitly requires an independent liberal construction analysis *in all circumstances*, an analysis that must be targeted to understanding and fulfilling what the statute characterizes as the City HRL's uniquely broad and remedial purposes, which go beyond those of counterpart state or federal civil rights laws." *Bennett v. Health Mgmt. Sys., Inc.*, 92 A.D.3d 29, 34 (1st Dep't 2011) (internal quotation marks omitted); *see also Albunio v. City of New York*, 16 N.Y.3d 472, 477-78 (2011). In prior federal cases where a district court has dismissed a plaintiff's City HRL claims "for the same reasons [as] the equivalent federal claims," we have held that the City HRL, as amended in N.Y.C. Admin. Code § 8-130, prohibits "parallelism" or "equivalence" between the City HRL and federal law and that such employment discrimination claims are no longer "co-extensive with federal law" given that "claims under the City HRL must be given 'an independent liberal construction.'" *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 277-79 (2d Cir. 2009) (quoting *Williams v. N.Y. City Hous. Auth.*, 61 A.D.3d 62, 66 (1st Dep't 2009)); *see also Spiegel v. Schulmann*, 604 F.3d 72, 83 (2d Cir. 2010) (the same). Thus, the district court in this case clearly erred when it held in its order that St. Jean's City HRL claims "are analyzed under the same standards as those for Title VII claims" and "because Defendants are entitled to summary judgment with respect to all of Plaintiff's claims under Title VII, [the City HRL] claim[] also must be dismissed."

Although the district court erred in assuming the City HRL claims were co-extensive with federal law and erred in dismissing them under a parallel to or equivalent of Title VII standard, summary judgment was nonetheless warranted because we may affirm the judgment below on any basis appearing in the record. *Carpenter v. Republic of Chile*, 610 F.3d 776, 781 n.6 (2d Cir. 2010) (stating that this Court may affirm the judgment below on any basis apparent from the record).

With respect to the claim of racial discrimination, defendants' evidence of having a legitimate need for a 15-minute-rule and its even application of that rule to employees of all races was sufficient to establish a legitimate, nondiscriminatory explanation for plaintiff's one-day suspension, which was negotiated by plaintiff's Union and employer, and agreed upon by plaintiff. Given that plaintiff did not offer sufficient evidence in rebuttal to raise an issue of fact that defendants' actions in this regard were false, contrived or pretextual, we affirm the judgment in favor of defendants. *See Melman v. Montefiore Med. Ctr.*, 946 N.Y.S.2d 27, 40-41 (1st Dep't 2012); *Bennett*, 92 A.D.3d at 30-31 (affirming summary judgment)*; Cuttler v. Fried*, No. 10-296-cv, 2012 U.S. Dist. LEXIS 41906, *25-*26 (S.D.N.Y. Mar. 23, 2012).

2

The claim of the retaliatory one-day suspension based on plaintiff's EEOC complaint, which failed to allege racial discrimination as a basis, was properly dismissed, as plaintiff failed to raise an issue that defendants' showing of a legitimate, nondiscriminatory work policy was pretextual, and to raise an issue as to the causal connection between the suspension and complaint. *Melman,* 98 A.D.3d at 128-29, 131-32*; Williams v. NY Hous. Auth.*, 61 A.D.3d at 70-72.

Plaintiff's hostile work environment claim was properly dismissed because plaintiff failed to offer sufficient evidence to raise an issue of fact that the defendant failed to take remedial action. *See Williams v. NY Hous. Auth.*, 61 A.D.3d at 62; *Williams v. City of New York*, No. 11-3456-cv, 2012 U.S. Dist LEXIS 92197, *18-*20 (S.D.N.Y. June 25, 2012).

Accordingly, the order of the district court hereby is AFFIRMED. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk