14-1257-pr
*Booker v. Maly*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of January, two thousand fifteen.

PRESENT:    JOSÉ A. CABRANES,
            CHESTER J. STRAUB,
            DEBRA ANN LIVINGSTON,
                    *Circuit Judges.*

---

AMIN B. BOOKER,

      *Plaintiff-Appellant*,

          v.

J. MALY, DEPUTY SUPERINTENDENT OF SECURITY, SHAWANGUNK CORRECTIONAL FACILITY, ET AL.,

      *Defendants-Appellees.*

No. 14-1257-pr

---

FOR PLAINTIFF-APPELLANT:    Amin B. Booker, *pro se*, Stormville, NY.

FOR DEFENDANTS-APPELLEES:    Owen Demuth, Assistant Solicitor General, *for* Barbara D. Underwood, New York State Solicitor General, and Eric T. Scheiderman, New York State Attorney General, Albany, NY.

Appeal from judgments of the United States District Court for the Northern District of New York (Norman A. Mordue, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 31, 2014 judgment of the District Court is **AFFIRMED**.

Plaintiff-appellant Amin Booker ("Booker")—incarcerated and proceeding *pro se*—appeals the District Court's March 31, 2014 summary judgment in favor of defendants, as well as the District Court's orders denying Booker's motions for Rule 11 sanctions against defendants and for appointed counsel. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As a threshold matter, we must first decide which of Booker's claims remain on appeal. In his notice, Booker stated that he was appealing "from a Decision and Order denying plaintiff's motion for summary judgment, granting defendants' motion for summary judgment, denying plaintiff's motion for appointment of counsel, [and] denying plaintiff's motion for sanctions" entered on March 31, 2014. Booker's notice of appeal did not mention the previous denials by the District Court of his motions to amend the complaint or for discovery. Because Federal Rule of Appellate Procedure 3 is jurisdictional, we are "limited by the wording of the notice [of appeal]." *New Phone Co. v. City of New York*, 498 F.3d 127, 130–31 (2d Cir. 2007). Accordingly, we lack jurisdiction to review the denial of Booker's motions to amend and for discovery. This appeal therefore challenges only the District Court's grant of the defendants' motion for summary judgment, as well as its orders denying Booker's motions for Rule 11 sanctions and for appointed counsel.

First, we review the District Court's grant of summary judgment *de novo*, viewing the facts "in the light most favorable to the non-moving party and draw[ing] all reasonable inferences in that party's favor." *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 271 (2d Cir. 2011). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotation marks omitted). Here, upon our *de novo* review, we conclude that the District Court properly granted summary judgment to the defendants for substantially the reasons stated in Magistrate Judge Andrew T. Baxter's thorough Report and Recommendation, which the District Court adopted over Booker's timely objection. *See Booker v. Maly*, No. 12 Civ. 246 (ATB) (NAM), 2014 WL 1289579 (N.D.N.Y. Mar. 31, 2014).

Second, we review the District Court's denial of Booker's motion for Rule 11 sanctions for abuse of discretion. *See Storey v. Cello Holdings*, 347 F.3d 370, 387 (2d Cir. 2003) ("[T]he district court is familiar with the issues and litigants and is thus better situated than the court of appeals to marshal

the pertinent facts and apply a fact-dependent legal standard.") (internal quotations marks and brackets omitted); *see generally In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (explaining the term of art "abuse of discretion"). Given that Booker's motion was based on the mistaken assertion that defendants' 7.1 statement was "evasive" and "incomplete," the District Court did not abuse its discretion in denying his motion for sanctions.

Third, we also review the District Court's denial of Booker's motion for appointed counsel for "abuse of discretion." *See Carpenter v. Republic of Chile*, 610 F.3d 776, 780 (2d Cir. 2010). In considering a motion to appoint counsel, a district court "should first determine whether the indigent's position [is] likely to be of substance." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)). Here, because Booker had little chance of success on the merits, the District Court did not err or abuse its discretion in denying his motion for appointed counsel.

## CONCLUSION

We have considered all of the arguments raised by Booker on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the March 31, 2014 judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court