Johnson v. Andy Frain Services, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of January, two thousand sixteen.

PRESENT:
 PETER W. HALL,
 SUSAN L. CARNEY,
  *Circuit Judges,*
 BRIAN COGAN,
  *District Judge.* ∗

_____

Deirdre C. Johnson,

 *Plaintiff-Appellant*,

 v.                                          15-1143

Andy Frain Services, Inc., Dane Vontobel, Dane DeSouza, Robert DeCosta, Edmond Quick, SCI Companies, Corporate Headquarters

 *Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT:          Deirdre C. Johnson, pro se, Patchogue, New York.

---

∗ Hon. Brian Cogan, of the United States District Court for the Eastern District of New York, sitting by designation.

**FOR DEFENDANTS-APPELLEES:**          John T. Bauer, Justin Robert Marino, Littler Mendelson P.C., Melville, New York

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kuntz, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Deirdre Johnson, proceeding pro se, appeals the district court's dismissal of her complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review de novo a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although we must accept as true all the factual allegations in the complaint, that requirement is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

## I. Discriminatory Action

The district court properly dismissed Johnson's complaint on the ground that she failed to plead a plausible discrimination claim. Discrimination claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), 42

2

U.S.C. § 1981, and the New York State Human Rights Law ("NYSHRL") are analyzed under the burden-shifting framework in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Tolbert v. Smith*, 790 F.3d 427, 434 (2d Cir. 2015) (Title VII, § 1981, and NYSHRL); *Bucalo v. Shelter Island Union Free Sch. Dist.*, 691 F.3d 119, 129 (2d Cir. 2012) (ADEA). "The prima facie case under *McDonnell Douglas*, however, is an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510 (2002). "[A]t the initial stage of the litigation" in a Title VII case, "the plaintiff does not need substantial evidence of discriminatory intent." *Littlejohn v. City of N.Y.*, 795 F.3d 297, 311 (2d Cir. 2015). Rather, "what must be plausibly supported by facts alleged in the complaint is that the plaintiff is a member of a protected class, was qualified, suffered an adverse employment action, and has at least minimal support for the proposition that the employer was motivated by discriminatory intent." *Id.*; *see also Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015). A similar "minimal" pleading standard applies to ADEA claims. *See Roge v. NYP Holdings, Inc.*, 257 F.3d 164, 168 (2d Cir. 2001). In addition, "a plaintiff alleging age discrimination under the [ADEA] must allege 'that age was the but-for cause of the employer's adverse action.'" *Vega*, 801 F.3d at 86 (quoting *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2000)).

Johnson attempted to raise an inference of discrimination based upon disparate treatment: she was fired and a co-worker outside of her protected class was not. "An inference of discrimination can arise from circumstances including . . . more favorable treatment of employees not in the protected group." *Littlejohn*, 795 F.3d at 312 (internal quotation marks omitted)). However, "[a] plaintiff relying on disparate treatment evidence must show she was similarly situated in all material respects to the individuals with whom she seeks to compare herself."

3

*Mandell v. Cty. of Suffolk*, 316 F.3d 368, 379 (2d Cir. 2003) (internal quotation marks omitted). Johnson's third amended complaint did not allege that she and her co-worker had similar job descriptions or responsibilities. We will not consider Johnson's allegations on this score, as they are advanced for the first time on appeal. *See Kraebel v. N.Y.C. Dep't of Hous. Pres. & Dev.*, 959 F.2d 395, 401 (2d Cir. 1992).

Johnson's complaint otherwise failed plausibly to allege that she suffered an adverse employment action on the basis of her race, sex, national origin, or age. Although Johnson alleged that she was harassed and fired, and that she was "discriminated against" based on her race, sex, national origin, and age, she never alleged that she was fired or harassed "because of" of those protected characteristics. *Vega*, 801 F.3d at 88. Even if liberally construed as alleging that she was fired "because of" those characteristics, Johnson's complaint alleged no facts that would create a plausible inference of such discrimination. Likewise, Johnson alleged no facts to suggest that her age was a "but-for" cause of the harassment or her discharge. *Id.* at 86.

## II.    NYCHRL Claim

The district court also correctly determined that Johnson failed to state a discrimination claim under the New York City Human Rights Law ("NYCHRL"). "[C]ourts must analyze NYCHRL claims separately and independently from any federal and state law claims." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013). NYCHRL claims are to be reviewed more liberally than Title VII claims, and the provisions of the NYCHRL must be construed broadly in favor of plaintiffs alleging discrimination. *See Loeffler v. Staten Island Univ. Hosp.,* 582 F.3d 268, 278 (2d Cir. 2009); *Nelson v. HSBC Bank USA*, 929 N.Y.S.2d 259, 262 (2d Dep't 2011).

4

Although the district court erroneously applied the federal employment-discrimination standards to Johnson's NYCHRL claim, dismissal was warranted nonetheless, and we may affirm the judgment below on any basis appearing in the record. *Carpenter v. Republic of Chile*, 610 F.3d 776, 781 n.6 (2d Cir. 2010). Johnson failed to allege that she was fired or harassed "because of" her protected characteristics, and she did not plausibly allege any facts that would give rise to such a connection. *See* N.Y.C. Admin. Code § 8-107(1)(a).

We have considered all of Johnson's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5