16-716-cv
*Feurtado v. City of New York*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of December, two thousand sixteen.

PRESENT:  JOHN M. WALKER, Jr.,
          ROBERT D. SACK,
          DENNY CHIN,
                    *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ELIJAH FEURTADO,
                    *Plaintiff-Appellant*,

          v.                                        16-716-cv

CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, POLICE OFFICER
THOMAS MURPHY,
                    *Defendants-Appellees*.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:        Elijah Feurtado, *pro se*, Brooklyn, New York.

---

\*       The Clerk of Court is directed to amend the caption to conform to the above.

FOR DEFENDANTS-APPELLEES:     Jason Anton, Pamela Seidor Dolgow, Assistant Corporation Counsel, *for* Zachary W. Carter, Corporation Counsel for the New York City Law Department, New York, New York.

Appeal from the United States District Court for the Eastern District of New York (Cogan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Plaintiff-appellant Elijah Feurtado, proceeding *pro se*, appeals from a corrected order of the district court entered February 29, 2016 denying his motion to reopen a civil rights lawsuit, filed in 1995 and dismissed in 1998, and his associated request to appoint new counsel. The district court denied the motion to reopen as untimely and on the merits, and denied the request for new counsel on the merits. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

Represented by counsel, Feurtado filed this false arrest case, as noted, in 1995. After a jury found in favor of defendants, the district court dismissed his amended complaint and closed the case in 1998. The Second Circuit dismissed his appeal six months later for failure to comply with scheduling deadlines. The district court denied his subsequent request for relief under Federal Rule of Civil Procedure 60(b) in 2002, but he apparently never received a copy of the court's memorandum and order.

- 2 -

There was no other activity in the case until Feurtado unsuccessfully moved to reopen the action in February 2016. Although neither Feurtado nor the district court expressly identified the legal basis for Feurtado's motion, we construe the motion as one seeking relief under Rule 60(b).

We review a district court's denial of a Rule 60(b) motion for abuse of discretion. *Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 126 (2d Cir. 2009). Rule 60(b) is "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (internal quotation marks omitted). Under the rule, a party must submit a motion "within a reasonable time," Fed. R. Civ. P. 60(c)(1), to seek relief from a final judgment, order, or proceeding for "any . . . reason that justifies relief," Fed. R. Civ. P. 60(b).

We review a denial of a motion to appoint counsel for abuse of discretion as well. *Carpenter v. Republic of Chile*, 610 F.3d 776, 780 (2d Cir. 2010) (per curiam).

Based on those principles and a review of the record, we conclude the district court did not abuse its discretion by denying Feurtado's motion to reopen the action, which concluded nearly two decades ago, as untimely and on the merits. Feurtado neither provides an explanation for the lengthy delay nor identifies an exceptional circumstance warranting relief under Rule 60(b). *See Motorola*, 561 F.3d at

126; *Ruotolo*, 514 F.3d at 191.  It was also within the district court's discretion to deny Feurtado's request for new counsel.  *See Carpenter*, 610 F.3d at 780.

We have considered all of Feurtado's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

- 4 -