20-2518
Logan v. Town of Windsor

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of January, two thousand twenty-one.

PRESENT:
>ROBERT A. KATZMANN,
>MICHAEL H. PARK,
>STEVEN J. MENASHI,
>*Circuit Judges.*

———————————————————————

Theresa A. Logan,

>*Plaintiff-Appellant*,

>v.                                                                    20-2518

Town of Windsor, New York, New York Municipal Insurance Reciprocal Insurance Company, Robert Brinks, Gregg Story,

>*Defendants-Appellees.*[*]

———————————————————————

FOR PLAINTIFF-APPELLANT:          Theresa A. Logan, pro se, Windsor, NY.

FOR DEFENDANTS-APPELLEES:          Thomas H. Bouman, Coughlin & Gerhart, LLP, Binghamton, NY.

———————————

[*] The Clerk of Court is directed to amend the caption as set forth above.

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, *J.*; Lovric, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

In 2019, Theresa A. Logan, pro se, sued the Town of Windsor, New York ("the Town"), Robert Brinks, Gregg Story, and the Town's insurance company alleging that, in 2011, she was struck and injured by debris thrown from a snowplow that Brinks and Story operated. The complaint asserted claims of negligence in operation of the snowplow and defamation based on the statements of the defendants' attorney at a prior proceeding. The district court (Suddaby, *J.*) dismissed the complaint for lack of subject matter jurisdiction, reasoning that it lacked both federal-question and diversity jurisdiction. The district court also denied leave to amend and Ms. Logan's motion to appoint counsel. Ms. Logan timely appealed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As an initial matter, Ms. Logan has waived any argument relevant to the district court's dismissal of her case because she does not challenge the district court's holding that it lacked subject matter jurisdiction in her brief. *LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995) (holding that issues not raised by pro se litigant in appellate brief were abandoned and the Court "need not manufacture claims of error for an appellant proceeding *pro se*").[1] In addition, Ms. Logan has waived any challenge to the district court's denial of her motion to appoint counsel or its denial of leave to amend. *Id.* The judgment of the district court may be affirmed on these

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

grounds alone.

Even if Ms. Logan had not waived these arguments, affirmance would be warranted. We review dismissals for lack of subject matter jurisdiction de novo. *Brzak v. United Nations*, 597 F.3d 107, 110–11 (2d Cir. 2010). While "the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest," *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020), a pro se plaintiff still "bears the burden of proving subject matter jurisdiction by a preponderance of the evidence," *Cooke v. United States*, 918 F.3d 77, 80 (2d Cir. 2019). The district court correctly held that Ms. Logan did not carry this burden.

First, the complaint did not plead federal-question jurisdiction because its claims did not "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The complaint relied on no provision of federal law and instead sought relief only for claims of negligence and defamation, both of which are common-law torts governed by state law. *See Pasternack v. Lab. Corp. of Am. Holdings*, 27 N.Y.3d 817, 825 (2016) (negligence); *Foster v. Churchill*, 87 N.Y.2d 744, 751 (1996) (defamation). While state-law claims may in some circumstances provide a basis for federal-question jurisdiction if they "necessarily raise a stated federal issue," the complaint alleged the existence of no such issue. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

Second, the complaint did not plead diversity jurisdiction because it did not meet 28 U.S.C. § 1332's requirement of "complete diversity"—that is, that "all plaintiffs . . . be citizens of states diverse from those of all defendants." *Pa. Pub. Sch. Emps.' Retirement Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 118 (2d Cir. 2014). Ms. Logan's complaint alleged that she was domiciled in New York, making her a New York citizen. *See Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38,

3

42 (2d Cir. 2000). At least one defendant, the Town, is similarly a citizen of New York. *Moor v. Alameda Cnty.*, 411 U.S. 693, 718 (1973) ("[F]or purposes of diversity of citizenship, political subdivisions are citizens of their respective States . . . ."). As such, there was not complete diversity, and thus no diversity jurisdiction.

For the foregoing reasons, the district court properly dismissed Ms. Logan's complaint for lack of subject matter jurisdiction. It also properly denied leave to amend because this substantive deficiency could not be cured and amendment would thus be futile. *See Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Finally, the district court did not abuse its discretion by denying Ms. Logan's motion for appointment of counsel because, as a result of these jurisdictional issues, her claims had little chance of success on the merits. *See Carpenter v. Republic of Chile*, 610 F.3d 776, 780 (2d Cir. 2010) (per curiam).

We have considered all of Ms. Logan's remaining arguments and find in them no basis for reversal. We thus **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court