23-484-cv
Reynolds v. HNS Mgmt. Co.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of March, two thousand twenty-five.

PRESENT: GUIDO CALABRESI,
RAYMOND J. LOHIER, JR.,
ALISON J. NATHAN,
*Circuit Judges*.

-----------------------------------------------------------------

KEISHA REYNOLDS,

*Plaintiff-Appellant*,

v.                                                                   No. 23-484-cv

HNS MANAGEMENT CO., INC,
DBA CTTRANSIT, CT TRANSIT,

*Defendants-Appellees*.

-----------------------------------------------------------------

FOR APPELLANT:  KISSINGER N. SIBANDA, Law Office of Kissinger N. Sibanda, PLLC, Livingston, NJ

FOR APPELLEES:  ADAM J. LYKE (Sarah R. Skubas, *on the brief*), Jackson Lewis P.C., Hartford, CT

Appeal from a judgment of the United States District Court for the District of Connecticut (Michael P. Shea, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Keisha Reynolds appeals from a March 16, 2023 judgment of the United States District Court for the District of Connecticut (Shea, *J.*) granting summary judgment in favor of CT Transit, her former employer. Reynolds filed claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, alleging that she was discriminated against and wrongfully terminated on the basis of her religion and perceived disability. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

"We review a district court's grant of summary judgment *de novo* . . . resolv[ing] all ambiguities and draw[ing] all inferences against the moving

2

party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013) (quotation marks omitted). Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, "there is no genuine dispute as to any material fact." *Id.* at 126 (quotation marks omitted). But "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Penn v. N.Y. Methodist Hosp.*, 884 F.3d 416, 423 (2d Cir. 2018) (quotation marks omitted).

On appeal, Reynolds acknowledges that she did not meet her burden in opposing summary judgment on any of her claims. *See* Appellant's Br. 27–29, 33; *see also Reynolds v. HNS Mgmt. Co.*, No. 20-CV-471, 2023 WL 2526532, at *9–11 (D. Conn. Mar. 15, 2023). Instead, she argues that the District Court erred in denying her request for appointment of pro bono counsel for purposes of opposing CT Transit's summary judgment motion and that, as a result, its summary judgment ruling was rendered on an incomplete record. We are not persuaded. "A district court's decision not to request an attorney to represent an indigent civil plaintiff pursuant to 28 U.S.C. § 1915(e)(1) is reviewable only for abuse of discretion." *Leftridge v. Conn. State Trooper Officer No. 1283*, 640 F.3d 62, 68 (2d Cir. 2011) (quotation marks omitted). A district court has "[b]road discretion . . . in

3

deciding whether to appoint counsel pursuant to this provision." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986).

Reynolds argues that because the District Court had previously granted her appointed counsel on several occasions, principles of "*stare decisis*" left her with a "vested right" in appointed counsel for the remainder of the litigation. Appellant's Br. 25. In support of her argument based on *stare decisis*, however, Reynolds does not cite any prior precedent to which we are or might be bound. And her argument fails even if we construe her reference to "*stare decisis*" as instead invoking the law of the case doctrine, which requires "that when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case . . . unless cogent and compelling reasons militate otherwise." *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002) (quotation marks omitted). Here, the District Court never ruled that Reynolds should be appointed pro bono counsel indefinitely. To the contrary, each time the District Court appointed counsel, it did so for a "limited purpose" such as drafting an amended complaint or assisting Reynolds in mediation or settlement. *See* App'x 7, 9–12. The District Court's decision to appoint Reynolds pro bono counsel for various limited purposes throughout the proceedings below did not

4

mean that she was permanently entitled to appointed counsel for all purposes. *See Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The District Court denied without prejudice Reynolds's request for appointed counsel to assist her in opposing CT Transit's summary judgment motion both because it "[could not] conclude . . . that [Reynolds was] likely to succeed on the merits of her claims" and because she failed to "demonstrate that she is unable to obtain counsel." App'x 13. A district court "properly denies [a] plaintiff's motion for counsel if it concludes that [her] chances of success are highly dubious." *Leftridge*, 640 F.3d at 69. Because we agree with the District Court, based on our independent review of the record, that Reynolds "ha[d] little chance of success on the merits, . . . the District Court did not abuse its discretion in denying [her] motion for the appointment of counsel." *Carpenter v. Republic of Chile*, 610 F.3d 776, 780 (2d Cir. 2010).

As to the merits, Reynolds did not adduce any evidence that CT Transit's proffered legitimate, nondiscriminatory reasons for referring her for a fitness examination and, after she failed to attend, medically disqualifying her, were discriminatory or based on animus about her religious beliefs or any disability, or were otherwise a pretext for discrimination. Nor, on appeal, does she point to

5

any such evidence that she would have submitted had she been counseled.  We therefore affirm the District Court's ruling that — based on the record evidence — "no reasonable juror could infer that CT Transit's decision to medically disqualify and terminate Reynolds was discriminatory."  *Reynolds*, 2023 WL 2526532, at *9.

We have considered Reynolds's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court