15-635-pr
Simpson v. Oakes

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of March, two thousand sixteen.

PRESENT:  REENA RAGGI,
             PETER W. HALL,
                  *Circuit Judges*,
             LAURA TAYLOR SWAIN,
                  *District Judge*.[*]

------------------------------------------------------------------------

THEODORE SIMPSON,
             *Plaintiff-Appellant*,

v.                                                      No. 15-635-pr

P.A. BEN OAKES, South Port C.F., C. FELKER, Nurse Administrator for South Port C.F., M.D. H. SILVERBERG, for Great Meadow C.F., M.D. KARANDY, for Great Meadow C.F., J. COLLINS, Nurse Administrator for Great Meadow C.F.,
             *Defendants-Appellees*,

P.A. RODAS, Green Haven C.F., M.D. JIRI BEM, for Upstate Hospital, M.D. VALCRIAN, for Albany Medical,

---

[*] The Honorable Laura Taylor Swain, of the United States District Court for the Southern District of New York, sitting by designation.

1

HEAD MEDICAL DOCTOR DR. LESTER WRIGHT, for D.O.C.S., RITA GRINBERG, for D.O.C.S. Medical Regional Office,

*Defendants.*[†]

-------------------------------------------------------------------------

FOR APPELLANT: Theodore Simpson, *pro se*, Stormville, New York.

FOR APPELLEES: Barbara D. Underwood, Solicitor General; Andrew B. Ayers, Frederick A. Brodie, Assistant Solicitors General, *for* Eric. T. Schneiderman, Attorney General of the State of New York, Albany, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Judge*; David E. Peebles, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on January 23, 2015, is AFFIRMED.

Plaintiff Theodore Simpson, a prisoner in the custody of New York's Department of Corrections and Community Supervision, appeals pro se from a summary judgment award in favor of defendants Benjamin Oakes, Catherine Felker, Howard Silverberg, David Karandy, and Janet Collins on Simpson's Eighth Amendment claim of deliberate indifference to serious medical needs. See 42 U.S.C. § 1983. We review an award of summary judgment de novo and will affirm only if the record, viewed in favor of the non-moving party, demonstrates there is no genuine issue of material fact and the moving party's entitlement to judgment as a matter of law. See Johnson v. Killian, 680 F.3d 234,

---

[†] The Clerk of Court is directed to amend the caption as set forth above.

236 (2d Cir. 2012).  We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

To defeat summary judgment, Simpson was obliged to adduce evidence that defendants were deliberately indifferent to a serious medical need.  See Farmer v. Brennan, 511 U.S. 825, 834 (1994).  This standard consists of both objective and subjective components.  "Objectively, the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists."  Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996) (internal quotation marks omitted).  "Subjectively, the charged official must act with a sufficiently culpable state of mind," i.e., "something more than mere negligence" and akin to criminal recklessness.  Id.; accord Salahuddin v. Goord, 467 F.3d 263, 280 (2d Cir. 2006).

Applying these principles here, we conclude that the district court correctly awarded summary judgment to Oakes, Felker, Silverberg, Karandy, and Collins for substantially the reasons stated in Magistrate Judge Peebles's August 21, 2014 report and recommendation ("R&R").  See Simpson v. Oakes, No. 9:12-CV-1482 (GTS/DEP), 2015 WL 339408 (N.D.N.Y. Jan. 23, 2015) (adopted R&R).[1]  Against defendants' detailed declarations and Simpson's own voluminous medical records, Simpson identifies no evidence of deliberate

---

[1] To the extent Simpson's reply brief may be construed as challenging the district court's Fed. R. Civ. P. 12(b)(6) dismissal of his claims against defendants Byron Rodas, Jiri Bem, Brian Valerian, Lester Wright, and Rita Grinbergs, we deem these challenges waived. See Graham v. Henderson, 89 F.3d 75, 82 (2d Cir. 1996) (declining to consider argument raised for first time in pro se litigant's reply brief).

indifference giving rise to a genuine issue of material fact to be decided at trial. To the contrary, the record establishes that defendants provided Simpson with extensive medical care. Insofar as Simpson disagrees with defendants' medical judgment as to the proper course of treatment, that does not support a constitutional claim for deliberate indifference. See Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998); accord Hernandez v. Keane, 341 F.3d 137, 149 (2d Cir. 2003).[2]

Tolan v. Cotton, 134 S. Ct. 1861 (2014), cited by Simpson, compels no different result. Tolan emphasizes a court's duty to view evidence in the light most favorable to the party opposing summary judgment, see id. at 1866, a rule we follow with particular solicitude for pro se litigants, see Brownell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006). But even a pro se litigant cannot defeat a motion for summary judgment through mere allegations or conclusory statements unsupported by facts. See Davis v. New York, 316 F.3d 93, 100 (2d Cir. 2002). Nor can Simpson compensate for his failure to challenge defendants' N.D.N.Y. Local R. 7.1 statement of facts—particularly after being given notice of the consequences—by attempting to supplement the record on appeal. Cf. Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996).

Simpson's additional challenges also lack merit. The partial denial of defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6), see Simpson v. Rodas, No. 10 CV-6670 (CS), 2012 WL 4354832, at *9 (S.D.N.Y. Sept. 21, 2012), did not preclude their later Rule

---

[2] Accordingly, we need not address the district court's conclusion that Simpson failed to exhaust his administrative remedies as against defendant Collins.

56 motion for summary judgment, which followed discovery and tested whether that process yielded sufficient evidence to create a triable issue of fact. Cf. EDP Med. Comput. Sys. Inc. v. United States, 480 F.3d 621, 624 (2d Cir. 2007) (holding that application of res judicata requires "final judgment on the merits" (emphasis added)). Nor are Simpson's "mere bald assertions" regarding the substance of his claim sufficient to render the district court's refusal to appoint counsel an abuse of its "[b]road discretion" in this regard, Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986); accord Carpenter v. Republic of Chile, 610 F.3d 776, 780 (2d Cir. 2010), given its careful consideration of the many factors governing this determination, see Decision and Order at 3–4, Simpson v. Oakes, No. 9:12-CV-1482 (GTS/DEP) (N.D.N.Y. Jan. 27, 2014), ECF No. 126.

We have considered Simpson's remaining arguments and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5