10-4971-cv
Virgil v. Town of Gates

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of January, two thousand eleven.

PRESENT:  GUIDO CALABRESI,
          REENA RAGGI,
          RAYMOND J. LOHIER, JR.,
                    *Circuit Judges*.

-------------------------------------------------------------------------

JAMES VIRGIL,

                    *Plaintiff-Appellant*,


              v.                                          No. 10-4971-cv

TOWN OF GATES, DAVID DICARO, Chief of Police, Town of Gates, Individually and in His Official Capacity, OFFICER JOSHUA BOWMAN, Individually and in His Official Capacity, MONROE COUNTY, Monroe County District Attorney MICHAEL GREEN, Assistant Monroe County District Attorney KRISTINA KARLE, Individually and in Her Official Capacity,

                    *Defendants-Appellees*.

-------------------------------------------------------------------------

APPEARING FOR APPELLANT:      STEPHEN E. LAPRADE, (Christina A. Agola, *on the brief*) Christina A. Agola, PLLC, Rochester, New York.

APPEARING FOR APPELLEES:      MICHAEL B. RISMAN (Joseph S. Brown, *on the brief*), Hodgson Russ LLP, Buffalo, New York, *for* Town of Gates, David DiCaro, and Joshua Bowman.

HOWARD A. STARK, Monroe County Law Department, Rochester, New York, *for* Monroe County, Michael Green, and Kristina Karle.

Appeal from a judgment of the United States District Court for the Western District of New York (David G. Larimer, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on November 5, 2010, is AFFIRMED.

Plaintiff James Virgil appeals from a judgment on the pleadings entered in favor of defendants the Town of Gates, Police Chief David DiCaro, Police Officer Joshua Bowman (collectively, the "Town Defendants"), and defendants Monroe County, District Attorney Michael Green, and Assistant District Attorney Kristina Karle (collectively, the "County Defendants"), on Fourth and Fourteenth Amendment claims originating in Virgil's arrest and prosecution for the rape of his teenage daughter, charges that were eventually dismissed. See 42 U.S.C. §§ 1983, 1985, 1986, 1988. We review a judgment under Fed. R. Civ. P. 12(c) de novo, accepting the complaint's factual allegations as true and drawing all reasonable inferences in the plaintiff's favor. See Hayden v. Paterson, 594 F.3d 150, 160 (2d Cir. 2010). To survive a Fed R. Civ. P. 12(c) motion, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); in short, it must plead facts sufficient to allow a court to draw the "reasonable inference that the defendant is liable for the misconduct alleged," Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). Where referenced documents are integral to the complaint, those documents are appropriately considered together with the pleadings

2

in deciding a Fed R. Civ. P. 12(c) motion. See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002). In applying these principles, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.     Claim One: False Arrest, False Imprisonment, and Malicious Prosecution

    A.     False Arrest and False Imprisonment

Plaintiff faults the district court's conclusion that he failed plausibly to allege the lack of probable cause necessary to maintain claims for false arrest and false imprisonment. See Jenkins v. City of New York, 478 F.3d 76, 84, 88 (2d Cir. 2007) (recognizing probable cause as complete defense to claims for false arrest and imprisonment arising in New York).

We assess probable cause based on "the facts known to the arresting officer at the time of the arrest," not thereafter, Zellner v. Summerlin, 494 F.3d 344, 369 (2d Cir. 2007) (internal quotation marks omitted), and we ask whether the officer had "knowledge or reasonably trustworthy information of facts and circumstances . . . sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime," Jocks v. Tavernier, 316 F.3d 128, 135 (2d Cir. 2003) (internal quotation marks omitted). As the complaint attests, two months before Virgil's May 23, 2007 arrest, his 18-year-old daughter told police that, over the years, she had been raped by her father, her uncle, and a teenage neighbor. A victim's identification of an assailant is, by itself, sufficient "probable cause to effect an arrest absent circumstances that raise doubts as to the victim's veracity." Singer v. Fulton Cnty. Sheriff, 63 F.3d 110, 119 (2d Cir. 1995).

3

The complaint points to the daughter's fragile mental health as a circumstance raising veracity concerns.  Even if we assume that to be the case, the record shows that these concerns were sufficiently dispelled before arrest and indictment—by the defendant, the victim, and hospital records—to support the probable cause determination required by the Constitution.

In that respect, we are mindful that while probable cause requires more than "mere suspicion" of wrongdoing, Mallory v. United States, 354 U.S. 449, 454 (1957), its focus is on "probabilities," not "hard certainties," Illinois v. Gates, 462 U.S. 213, 231 (1983). Probabilities are assessed by reference to "the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." Id. (internal quotation mark omitted).  Thus, a probability of criminality does not demand a prima facie showing or preponderance of the evidence.  See id. at 235; Spinelli v. United States, 393 U.S. 410, 419 (1969).  Nor does it require that a good faith belief that criminal conduct has occurred be "correct or more likely true than false." Texas v. Brown, 460 U.S. 730, 742 (1983).  It requires only such facts as make wrongdoing "probable." Walczyk v. Rio, 496 F.3d 139, 157 (2d Cir. 2007).

In this case, that probability was satisfied by various means going beyond the initial victim statement.  Notably, Virgil himself confirmed that his daughter's rape claim was not fabricated from whole cloth.  In response to police questions, he stated that his daughter had been raped—by a teenage neighbor.  Further, Virgil insinuated possible untoward sexual contact with his son's friend, who had resided with the family for an extended period of time.

4

Thereafter, police interviewed the daughter at length and in the presence of a child abuse advocate. The daughter provided a detailed account of the places, times, and circumstances when she was raped by Virgil. This account was reduced to an eight-page statement that the victim signed under the penalty of perjury. See United States v. Hernandez, 85 F.3d 1023, 1028 (2d Cir. 1996) (concluding that specific factual statements of observed criminality made under penalty of perjury "are significantly more reliable" than unsworn statements, and entitled to weight in assessing probable cause).[1] Further, although the complaint maintains that the police failed to review hospital records relating to the last two alleged rapes that would have undermined the victim's credibility, that assertion is not only conclusory, see Ashcroft v. Iqbal, 129 S. Ct. at 1951 (conclusory allegations "not entitled to be assumed true"), but belied by both hospital reports, which indicate some vaginal bruising and bleeding and, in boxes denominated "Final Diagnosis," state "Sexual Assault."[2] App. at 117, 135.

In sum, this is not a case in which the record is totally devoid of expected support for a victim's claim as in Jovanovic v. City of New York, No. 04 Civ. 8437(PAC), 2006 WL

---

[1] Although the complaint alleges that defendant Karle subsequently stated that the daughter had recanted her rape accusation against her father and claimed that she was "pushed to disclose" what had happened to her, Compl. ¶ 81 (emphasis in original), nowhere does it ascribe such "pushing" to any defendant or claim that defendants maintained the prosecution after the recantation. Accordingly, this allegation is insufficient to defeat the challenged judgment.

[2] We do not here consider whether, on cross-examination of relevant hospital personnel, this conclusion might have been qualified. We note only that Virgil cannot claim that the hospital records precluded defendants from concluding in "good faith" that probable cause supported the victim's rape charge against her father. See Texas v. Brown, 460 U.S. at 742.

2411541, at *7 (S.D.N.Y. Aug. 17, 2006), the unpublished district court decision relied on by plaintiff. Rather, it is a case in which the teenage victim's mental fragility could both make her easy prey for or be explained by reference to sexual abuse, and raise questions about her credibility in reporting abuse. The pleadings show that defendants took reasonable steps to assuage those doubts to support probable cause for Virgil's arrest. Thus, judgment was appropriately entered in favor of defendants on the claims of false arrest and false imprisonment.

B.    Malicious Prosecution

Probable cause is also an element of malicious prosecution under New York law. See Manganiello v. City of New York, 612 F.3d 149, 160-61 (2d Cir. 2010). For purposes of such claims, however, "even when probable cause is present at the time of arrest, evidence could later surface which would eliminate that probable cause." Lowth v. Town of Cheektowaga, 82 F.3d 563, 571 (2d Cir. 1996) (internal quotation marks omitted). Assuming arguendo that Virgil's pleading is sufficient to deprive defendants of the presumption of probable cause that usually attends a grand jury indictment, see Savino v. City of New York, 331 F.3d 63, 72 (2d Cir. 2003), we nonetheless conclude that the district court's judgment must be affirmed.

Our identification of probable cause in affirming summary judgment for defendants on Virgil's false arrest and false imprisonment claims applies as well to his malicious prosecution claim. That claim cannot succeed, moreover, insofar as it accuses defendants of withholding "exculpatory facts that vitiated probable cause" against Virgil. Compl. ¶ 95.

6

Such a claim cannot be based on the purported failure of police to investigate the daughter's claims further in the ways Virgil suggests, for example, by administering a polygraph test to him; questioning other identified suspects, including the son's friend who had resided with the family; or procuring a DNA sample from a floor where the victim reported one of the rapes had occurred. The Constitution does not require police to follow every lead, "explore and eliminate every theoretically plausible claim of innocence," or resolve all doubts about a victim's story before effecting an arrest or pursuing a prosecution. Ricciuti v. N.Y.C. Transit Auth., 124 F.3d 123, 128 (2d Cir. 1997); see Curley v. Village of Suffern, 268 F.3d 65, 70 (2d Cir. 2001).

As for Virgil's claim that defendants withheld DNA evidence and photographs, his characterization of this evidence as "apparently" exculpatory is speculative, Compl. ¶ 58, see also id. ¶¶ 95, 101, and devoid of any factual content that would permit a court to draw a reasonable inference of the lack of probable cause and actual malice required for a malicious prosecution claim.

In any event, we need not discuss these matters further because the district court gave judgment to the defendants with respect to Virgil's malicious prosecution argument on another ground: Virgil suffered no damages that were proximately caused by the prosecution. The district court concluded that the injuries he suffered, specifically his imprisonment, were due entirely to an intervening cause: Virgil's failure to follow a court order. See Pasadena City Bd. Of Educ. v. Spangler, 427 U.S. 424, 439-40 (1976) (stating that disobedience of court order may warrant contempt even if order is later found invalid).

7

In his general appeal from the judgment below, Virgil does not contest this alternate holding by the district court except in the most conclusory fashion, which is inadequate to preserve this issue for appellate review.  See, e.g., Carpenter v. Republic of Chile, 610 F.3d 776, 780 (2d Cir. 2010).  Because damages proximately caused by defendants are an essential element of the tort of malicious prosecution, see Pinsky v. Duncan, 79 F.3d 306, 312 (2d Cir. 1996), this claim, like the false arrest and false imprisonment claims, must fail.

2.      Claim Two:  Withholding Evidence and Inadequate Investigation

Virgil's second claim recasts his inadequate-investigation and withheld-evidence allegations as due process violations.  These claims have also been forfeited on appeal.  Both fail, at any rate, for reasons already stated.  If probable cause is established, there is no constitutional right, whether under the Fourth or Fourteenth Amendment, to demand further investigation before arrest or prosecution.  See Curley v. Village of Suffern, 268 F.3d at 70; Ricciuti v. N.Y.C. Transit Auth., 124 F.3d at 128.  Similarly, the speculative nature of Virgil's exculpatory-evidence pleading defeats his claim that he was denied due process by defendants' failure to make disclosures required by Brady v. Maryland, 373 U.S. 83 (1963).  See United States v. Persico, 645 F.3d 85, 111 (2d Cir. 2011) ("Evidence is material . . . only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." (internal quotation marks omitted)).  Nor can such a conclusory pleading support an inference that defendants "actively hid . . . exculpatory evidence," conduct that supported a Fourth Amendment claim for unreasonably prolonged detention in Russo v. City of Bridgeport, 479 F.3d 196, 210 (2d Cir. 2007)

(holding that officers who viewed videotape of crime and falsely represented to defendant that it was inculpatory when, in fact, it was exculpatory, could be sued for actively hiding exculpatory evidence resulting in unreasonably prolonged detention in violation of Fourth Amendment). Accordingly, judgment was appropriately entered in favor of defendants.

The foregoing conclusions necessarily preclude Virgil's conspiracy and municipal liability claims, see Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658 (1978), and make it unnecessary for us to consider qualified immunity.

3.    Conclusion

We have considered plaintiff's remaining arguments on appeal, and we conclude that they are without merit. The judgment in favor of defendants is AFFIRMED.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, Clerk of Court

9