Thorpe v. Duve

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of February, two thousand twenty-two.

PRESENT:
> MICHAEL H. PARK,
> BETH ROBINSON,
> > *Circuit Judges*,
> JED S. RAKOFF,
> > *District Judge.*\*

_____

MICHAEL THORPE, MICHAEL DURAND,

> *Plaintiffs-Appellants*,

v.                                                                                  20-3679-cv

NICOLE DUVE, Former St. Lawrence County D.A.,
AMANDA NISSEN, Former St. Lawrence County
Assistant Chief D.A., HARRY McCARTHY,
Detective/Sergeant, ROBERT WESCOTT,
Detective/Sergeant, DAVID LAYNG, Detective,
and JOHN DOES #1-10 (The Name(s) John Doe being
fictitious as the real name(s) are presently unknown),†

---

\* Judge Jed S. Rakoff, United States District Court for the Southern District of New York, sitting by designation.

† The Clerk is respectfully directed to amend the caption accordingly.

*Defendants-Appellees.*

---

**FOR PLAINTIFFS-APPELLANTS:**        ANDREW L. HOFFMAN, Law Office of Andrew L. Hoffman, P.C., New York, NY.

**FOR DEFENDANTS-APPELLEES (Duve & Nissen):**        JAMES P. YOUNGS, Hancock Estabrook, LLP, Syracuse, NY.

**FOR DEFENDANTS-APPELLEES (McCarthy, Wescott, & Layng):**        JENNA W. KLUCSIK (Paul V. Mullin, *on the brief*) Sugarman Law Firm, LLP, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Sharpe, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Michael Thorpe and Michael Durand were incarcerated for approximately one year awaiting trial for robbery and murder, charges on which they were ultimately acquitted. Afterwards, they sued the government actors involved in the criminal investigation and prosecution: Ogdensburg Police Department ("OPD") Detectives Harry McCarthy, Robert Wescott, and David Layng, as well as former St. Lawrence County District Attorney Nicole Duve and Chief Assistant District Attorney Amanda Nissen ("Defendants"). Thorpe and Durand brought claims under 42 U.S.C. § 1983 for malicious prosecution, denial of a fair trial, conspiracy, and failure to intercede. They alleged that Defendants: (1) fabricated evidence about Thorpe's claimed ownership of a phone that was used to communicate with the murder victim and their convicted co-defendant, Anthony Lalonde; (2) relied on and used informant Victor Gardner's story that incriminated Thorpe and Durand despite conflicts with other evidence and Defendants' knowledge that Gardner was a liar; and (3) coerced the getaway driver Samantha Mashaw into

2

falsely testifying against them. Defendants moved for summary judgment, which the district court granted. As to the malicious prosecution claim, the district court reasoned that "no reasonable jury could find in [Thorpe and Durand's] favor absent impermissible speculation and conjecture." Sp. App'x 15. The district court likewise dismissed Thorpe and Durand's additional claims. Thorpe and Durand timely appealed. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

This Court reviews the entry of summary judgment *de novo*, "construing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in [the nonmoving party's] favor." *McElwee v. Cty. of Orange*, 700 F.3d 635, 640 (2d Cir. 2012). Federal Rule of Civil Procedure 56(a) requires a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant's burden will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim." *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995).

Thorpe and Durand bring their claims pursuant to 42 U.S.C. § 1983, which provides a civil right of action to vindicate federal constitutional rights against state actors. This Court has stated that to prevail on a malicious prosecution claim under section 1983, a plaintiff must demonstrate both (1) a Fourth Amendment violation and (2) the common-law elements of the tort of malicious prosecution. *See Mitchell v. City of New York*, 841 F.3d 72, 79 (2d Cir. 2016). Those elements are: "(i) the commencement or continuation of a criminal proceeding against [the plaintiff]; (ii) the termination of the proceeding in [the plaintiff's] favor; (iii) that there was no probable cause for the proceeding; and (iv) that the proceeding was instituted [by the defendant] with malice." *Id*.

3

(internal quotation marks omitted). Under New York law, "[t]he existence of probable cause is a complete defense to a claim of malicious prosecution." *Dufort v. City of New York*, 874 F.3d 338, 351 (2d Cir. 2017) (internal quotation marks omitted). A grand jury indictment "creates a presumption that [a criminal defendant's] arrest and indictment were procured with probable cause." *Bernard v. United States*, 25 F.3d 98, 104 (2d Cir. 1994). "To rebut this presumption, the plaintiff 'must establish that the indictment was produced by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith.'" *Id.* (quoting *Colon v. City of New York*, 455 N.E.2d 1248, 1251 (N.Y. 1983)). Thus, where a plaintiff was indicted by a grand jury, summary judgment in the defendants' favor is appropriate if the plaintiff fails to provide evidence from which a reasonable jury could infer that the defendants committed fraud or perjury, suppressed evidence, or otherwise acted in bad faith to procure the plaintiff's indictment by a preponderance of the evidence—the plaintiff's burden of proof in a civil action. *See Barr Rubber Prods. Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1120 (2d Cir. 1970).

The district court did not err in granting Defendants' motion for summary judgment. Even viewing the evidence in the light most favorable to Thorpe and Durand, a reasonable jury could not infer by a preponderance of the evidence that Defendants committed fraud or perjury, suppressed evidence, or acted in bad faith to procure the indictments.

*First*, Thorpe and Durand argue that they have rebutted the presumption of probable cause with evidence that Defendants fabricated evidence about Thorpe's claimed ownership of a phone that was used to communicate with their convicted co-defendant, Lalonde, as well as the murder victim. Detective Wescott testified before the grand jury that at Thorpe's second interview, Thorpe "at first said that the phone belonged to his girlfriend," but then Detective Wescott "reminded [Thorpe] that during the first interview he had told [Detective Wescott] that the phone was

[Thorpe's] girlfriend's but [Thorpe] primarily used it." App'x 376. Detective Wescott continued that, in response, Thorpe "stated yes, I did say that, and yes, I do primarily use it." *Id*. Thorpe and Durand contend that Detective Wescott misrepresented Thorpe's relationship to the phone by suggesting that Thorpe admitted that he was the primary user of the phone, when in fact he admitted that when he uses a phone, the phone in question was the primary phone that he used. Thorpe and Durand buttress their claim that Detective Wescott knowingly misrepresented Thorpe's relationship to the phone in question by arguing that the issue of phone ownership did not come up at all in Thorpe's first interview, so Detective Wescott's contrary representation to Thorpe in his second interview and before the grand jury was a fabrication. *See* Opening Br. 38–39. In support, they point to Detective Layng's notes from Thorpe's first interview, which make no mention of the community nature of the phone; Detective Layng's deposition testimony explaining that the issue of phone ownership did not come up in Thorpe's first interview; Detective Wescott's notes from Thorpe's second interview explaining that "[Thorpe] stated the phone is his girlfriend[']s phone (Karen Durand) . . . [b]ut stated as he did during the first interview he mostly used the phone. Agreed he did state that during first interview and still says he mostly used phone," App'x 1189; Detective Wescott's identical testimony before the grand jury; and Detective Wescott's deposition testimony seven years after Thorpe's second interview stating that his notes from that interview did not refresh his recollection "as to whether the issue of Thorpe's phone ownership was ever discussed during the first interview," *id.* at 1145–46.

A reasonable jury could not infer from this evidence that Detective Wescott fabricated evidence or committed perjury before the grand jury. Although Detective Wescott did not remember during his 2018 deposition whether the issue of Thorpe's phone ownership was discussed during the first interview, that is understandable because the interview had occurred

5

seven years earlier. No reasonable jury would infer from the inability to remember a topic from one of many interviews years ago that Detective Wescott fabricated evidence or committed perjury before the grand jury. Moreover, even if Detective Wescott misrepresented to Thorpe in the second interview what Thorpe had previously told the detectives, that does not render either Detective Wescott's notes or his grand jury testimony—both of which address Thorpe's first interview only in the context of reporting what was said in the second interview—false in any actionable sense. *Cf. United States v. Lighte*, 782 F.2d 367, 374 (2d Cir. 1986) ("When a witness testifies that 'A' is a fact, and then is asked if he has testified that 'A' is a fact, and he says yes, such response is truthful, regardless of whether 'A' is a fact."). Thorpe's own testimony regarding what was said at the second interview largely agrees with Detective Wescott's account and even implicitly confirms that the ownership of the phone was addressed in the first interview. *See* App'x 376, 1189. Specifically, Thorpe did not correct any inaccuracy by Detective Wescott, and given the language Thorpe used, the distinction between Detective Wescott's representation that Thorpe said he was the primary user of the phone and Thorpe's contention that he actually said he primarily used the phone when he used a phone, is insufficient to support an inference that Detective Wescott intentionally lied or acted in bad faith. Viewing all the evidence in the light most favorable to Thorpe and Durand, a reasonable jury could not infer that Defendants procured the indictments by fraud, perjury, suppression of evidence, or bad faith related to the phone evidence.

*Second*, Thorpe and Durand argue that they rebutted the presumption of probable cause with evidence that Defendants relied on informant Gardner's story to incriminate Thorpe and Durand, despite conflicts with other evidence and Defendants' knowledge that Gardner was a liar. Although Gardner retold his version of events with minor variations over the years, he offered

6

essentially the same testimony in his grand jury testimony, criminal trial testimony, and deposition testimony. And to the extent that Thorpe and Durand attempt to attack Gardner's credibility based on inconsistencies in his testimony and other evidence, such inconsistencies do not prove that Gardner committed perjury or that Defendants used his testimony knowing he was perjuring himself. Variations in one's testimony or with other witnesses' testimony do not mean that testimony is untrustworthy. *See, e.g.*, *Colon*, 455 N.E.2d at 1251 (noting that "variations in the witnesses' testimony" may "indicate only the witnesses' differing perceptions of the incidents they observed"). Thorpe and Durand emphasize prosecutor Duve's statement that Gardner was a "con man," *see* App'x 987, and Detective McCarthy's indication that the OPD "know[s] [Gardner] lies a lot," *see id.* at 1564, which Thorpe and Durand argue show that Defendants knew Gardner's story was unreliable. When a witness's credibility is low, reasonable officers corroborate their testimony before relying on it. *See Oliveira v. Mayer*, 23 F.3d 642, 647 (2d Cir. 1994). That is what Defendants did here—they interviewed Gardner's wife, who gave a substantially similar account. And although Thorpe and Durand urge that the OPD should have interviewed others to corroborate Gardner's story, police are not obligated to investigate every lead. *See Virgil v. Town of Gates*, 455 F. App'x 36, 40 (2d Cir. 2012). Viewed in the light most favorable to Thorpe and Durand, a reasonable jury could not infer that this evidence shows that Defendants acted in bad faith by using Gardner as a witness.

*Third*, Thorpe and Durand argue that they have rebutted the presumption of probable cause with evidence that Defendants coerced Samantha Mashaw—the alleged getaway driver—into falsely testifying against them by threatening to charge her as an accessory to murder unless she testified against Thorpe and Durand. Thorpe and Durand point to evidence of what they contend was unduly coercive conduct by OPD officers, above and beyond ordinary promises of leniency.

7

*See United States v. Ruggles*, 70 F.3d 262, 265 (2d Cir. 1995) ("[A] confession is not involuntary merely because the suspect was promised leniency if he cooperated with law enforcement officials." (internal quotation marks omitted)); *id.* ("[S]tatements to the effect that it would be to a suspect's benefit to cooperate are not improperly coercive," but are instead "merely common sense factual observations."). However, Mashaw has never recanted or claimed that she lied in her interview, before the grand jury, or at trial—facts that distinguish this appeal from the cases Thorpe and Durand rely on to support their assertion that Mashaw was coerced into falsely testifying. *See Zahrey v. City of New York*, No. 98-4546, 2009 WL 54495 (S.D.N.Y. Jan. 7, 2009); *Blake v. Race*, 487 F. Supp. 2d 187 (E.D.N.Y. 2007). Even viewed in the light most favorable to Thorpe and Durand, there is no evidence from which a reasonable jury could infer that Defendants coerced Mashaw into providing false testimony to secure Thorpe and Durand's indictments.

In short, Thorpe and Durand fail to carry their burden of rebutting the presumption of probable cause by a preponderance of the evidence. *See Bernard*, 25 F.3d at 104. Their arguments depend on unsubstantiated speculation, and fail to create a genuine dispute of material fact as to an essential element of their section 1983 malicious prosecution claim.

Although the existence of probable cause is not a complete defense to a fair trial claim as it is for a malicious prosecution claim, the analysis above is also grounds to affirm the district court's entry of summary judgment on Thorpe and Durand's fair trial claim. A claim for denial of the right to a fair trial "based on an allegation that [an] officer falsified information" requires, in part, "an arrestee [to] prove by a preponderance of the evidence that the officer created false information." *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 279–80 (2d Cir. 2016). As outlined above, Thorpe and Durand fail to proffer any such evidence.

Finally, because none of Thorpe and Durand's constitutional claims survive summary judgment, their section 1983 conspiracy and failure to intercede claims must likewise fail. *See Singer v. Fulton Cty. Sheriff*, 63 F.3d 110, 116 (2d Cir. 1995) (recognizing that "it is only the violation of the constitutional right that is actionable and compensable under § 1983").

We have considered the remainder of Thorpe and Durand's arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court